### THE BRAY CLOTHING CO. v. SHEALY.

1. WARRANT OF ATTACHMENT—CHAMBERS—JURISDICTION.—A CIRCUIT JUDGE has jurisdiction at chambers to hear a motion to vacate an attachment granted on an *ex parte* application.

2. COMPLAINT—VERIFICATION.—AN ATTORNEY cannot verify a complaint on an account sworn to by a member of a mercantile firm doing business outside of the State.

3. IBID.—IBID.—IBID.—The enumeration of facts in the verifying affidavit relied on to support the allegation of insolvency, *held* not sufficient.

4. FRAUD—ASSIGNMENT.—*Affidavit* relied on is insufficient to show that mortgages were executed with intent to defraud other creditors.

Before GARY, J., Lexington, January, 1898.    Affirmed.

Action by the Bray Clothing Co. *v.* R. B. Shealy, Lee & Bothwell, Amanda and Jane Shealy, on account and to set aside certain mortgages.    From order dissolving warrant of attachment, plaintiff appeals.

*Messrs. Meetze & Muller*, for appellant, cite: *Judge Gary had no power to review order of Judge Klugh:* 14 S. C., 226, 330; 16 S. C., 364.    *Question of jurisdiction may be made at any time:* 12 S. C., 556; 17 S. C., 156; 25 S. C., 416; 24 S. C., 122; 22 S. C., 232; 28 S. C., 313; 37 S. C., 313; 39 S. C., 369; 43 S. C., 173.    *Affidavit meets requirements of Code:* 28 S. C., 181; 33 S. C., 251; 45 S. C., 470; 50 S. C., 192.    *Writ properly issued:* 33 S. C., 470; 42 S. C., 483; 21 S. C., 587; 43 S. C., 342.    *Judge Klugh had jurisdiction:* 12 S. C., 122.    *This Court will not consider improvident issuance of writ:* 31 S. C., 444.

*Mr. S. McG. Simkins*, contra, cites: *Verification of complaint not sufficient:* 50 S. C., 192; Code, 178; 31 S. C., 36; Code, 250; 27 S. C., 126; 21 S. C., 587; 13 S. C., 478; 21 S. C., 590; 27 S. C., 285; 31 S. C., 448.    *Complaint and affidavit not sufficient to sustain attachment:* 6 S. C., 169; 10 S. C., 469; 26 S. C., 256; 27 S. C., 131; 43 S. C., 342; Code, 249.    *Attachment improvidently issued:* 42 S. C., 156; 28 S. C., 373; 37 S. C., 236; 31 S. C., 453; 43 S. C., 347; 44 S. C., 183.

July 19, 1898.    The opinion of the Court was delivered by MR. JUSTICE POPE.    On the 26th day of November,

1897, upon plaintiff's *ex parte* application, Judge Klugh ordered an attachment to issue against the property of the defendant, R. B. Shealy. The writ of attachment was executed by the sheriff of Lexington County on the 24th December, 1897, and the property seized consisted of a stock of goods of defendant, in his storehouse in Batesburg, S. C., and also some real estate. Thereafter, upon due notice, the defendants, R. B. Shealy, Amanda and Jane Shealy, moved before his Honor, Judge Ernest Gary, at chambers, to dissolve such attachment, upon the two grounds that such attachment had been irregularly issued, and also that the same had been improvidently issued. The papers used at the hearing were those presented by the plaintiff to Judge Klugh, and also sundry affidavits and copies of deeds offered before Judge Klugh. Judge Gary ordered the attachment to be vacated, upon the single ground that the writ was issued irregularly, but did not pass upon the question of the writ having been issued improvidently. The plaintiff now appeals from Judge Gary's order, and the defendants give notice that they will, at the hearing before us, ask that the order of Judge Gary be sustained, because the writ was improvidently issued.

A great deal of consideration has been accorded this case by this Court, but we are unable to sustain the appeal, for these reasons. We regard the writ of attachment as a perfectly legal remedy, but, at the same time, it is a harsh one. By it, the property of a defendant is suddenly taken from his possession and control, and, furthermore, if finally successful, it allows the attaching creditors a preference over all other creditors, in having the property of the defendant, as soon as the plaintiff obtains his judgment, applied exclusively to that judgment until it is paid, or the attached property exhausted. Being a harsh remedy, the debtor and his other creditors have the right to demand that the plaintiff, who prays for the issuance of a writ of attachment, shall comply strictly with the provisions of the law relating to attachments. One of these provisions is

that after a writ of attachment is issued upon the *ex parte* application of a plaintiff, a motion may be made, upon notice at chambers before a Judge, to vacate the same. *Cureton* v. *Dargan*, 12 S. C., 122. This disposes of that question raised by the appeal wherein it is denied that Judge Gary had jurisdiction to hear the application to vacate the attachment issued by Judge Klugh.

The next question raised by the appellant is that Judge Gary erred when he declared plaintiff's complaint an unverified complaint. It seems that the plaintiff residing in the State of Kentucky, Henry A. Meetze, Esq., one of its attorneys, undertook to verify the complaint. We will see, therefore, if such verification was had. The Code does allow an attorney or agent to verify a complaint. Its language is: "Section 178. * * * The affidavit may be also made by the agent or attorney, if the action or defense be founded upon a written instrument for the payment of money only, and such instrument be in the possession of the agent or attorney, or if all the material allegations of the pleading be within the personal knowledge of the agent or attorney." This section of the Code was construed by this Court, in the case of *Hecht & Co.* v. *Friesleben*, 28 S. C., 181, and in doing so it was held: "It seems to us that the true construction of this language manifestly is, that there are two cases in which an attorney may, in the absence of the party from the county, verify a complaint: 1st. When the action is founded upon a written instrument for the payment of money only, and such instrument is in the possession of the attorney. 2d. When all the material allegations of the complaint are within the personal knowledge of the attorney. The test, therefore, in every case is whether it falls under either of these classes." The alleged cause of action of plaintiff was that the defendant, R. B. Shealy, was indebted to it on an account. Although this account for goods sold was verified by an officer of the plaintiff corporation, yet Mr. Meetze could not be said, as the attorney for plaintiff, to be able to verify the complaint

when this account is set up: First. Because it was decided in *Hecht* v. *Friesleben, supra,* that an account verified by the maker is not a written instrument for the payment of money only. So, therefore, the possession by Mr. Meetze of this account was not sufficient. Second. Because of his own knowledge Mr. Meetze could not state that the items of goods sold by plaintiff to defendant, R. B. Shealy, as they appeared on the account, were correct. And, lastly, when Mr. Meetze comes to speak of the defendant's, R. B. Shealy's, admission to him, in regard to this account, made early in the month of November, 1897, he does not embody in his affidavit the words of Mr. Shealy, but contents himself with the inferences he drew from such words. Here is Mr. Meetze's language on this point: " * * * Soon after this claim was sent to our firm for collection, deponent went to Batesburg to see the defendant, R. B. Shealy, in relation thereto, and he admitted the same, amounting to $494, to be due and owing by him to the plaintiff, and that the same had not been paid, or any part thereof." It is very clear that Mr. Meetze does not state how these admissions were made, but he gives only the impression left upon him on this point after his conference with Mr. Shealy. This will not do. The facts and circumstances themselves must be stated, and not deponent's impressions. The complaint was not verified by Mr. Meetze as to the account sued on.

When we come, in the next place, to consider the allegations of the complaint which are referred to in Mr. Meetze's affidavit relating to the insolvency of R. B. Shealy; that his codefendants had full knowledge of such insolvency; that the defendants, in view of this insolvency, took from R. B. Shealy their respective mortgages; and that such defendants intended that such mortgages so taken should operate to secure themselves, to the detriment of the plaintiff and all other creditors of R. B. Shealy; and such mortgages were so taken with the express purpose and express view of diverting, defrauding, and delaying the plaintiff and R. B. Shealy's other creditors; we are struck

with the fact that Mr. Meetze, although highly ingenious, merely states his inferences; for instance, as to R. B. Shealy's insolvency, he relies upon his observation of the goods in his storehouse, that not much trade was going on, and that by the auditor's books he only returned $975 of real estate and $995 worth of personal property for taxation. An object lesson as to the unreliability of so estimating property is furnished by this case, that after a month's sale, and when sworn appraisers made an inventory of the stock of goods, *placed at cost prices*, such stock of goods were valued at nearly $1,600. Another instance—it was stated that the defendants, Amanda and Jane Shealy, knew of this alleged insolvency of R. B. Shealy, and the proofs were that they visited their brother's store now and then, and must have seen how low the stock was. So, too, as to this same knowledge by Lee & Bothwell; it was alleged in Mr. Meetze's affidavit that one of their salesmen visited Batesburg every two weeks, and had access to the public records of the county, but did not allege that such agent ever saw these county records, or even took an inventory of Shealy's stock. When the affidavit of Mr. Meetze came to speak of the confederating of the defendants to hinder and defraud other creditors of R. B. Shealy, it was absolutely flat, and did not present any facts looking to that end. Hence, as before remarked, we cannot sustain the appellant's position that Mr. Meetze's affidavit made the complaint a verified complaint.

A little reflection will lead to the conclusion that the allegations of the affidavit of Mr. Meetze, apart from the complaint, are insufficient to sustain the issuance of the writ. Our statute requires for a warrant of attachment to issue, in such cases as the present: "(Sec. 250.) * * * that the defendant * * * had assigned, disposed of or secreted, or is about to assign, dispose of or secrete, any of his or its property, with the like intent" (to defraud its creditors), "whether such defendant be a resident of this State or not." There does not stand out as a fact arising from the statements of the affidavit, that R. B. Shealy had

a purpose to defraud his creditors, and that his codefendants, Amanda and Jane Shealy, of the one part, and Lee & Bothwell, of the other part, took their respective mortgages with any intent other than as securities for their respective debts. We think, therefore, the Circuit Judge was justified in making the order to vacate the attachment. We prefer not to entertain the grounds presented by the respondents, as our judgment is already in their favor.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.